1  Manni Li (State Bar No. 273984)
   mli@meimark.com
2  MEI & MARK LLP
   433 North Camden Drive, Suite 400
3  Beverly Hills, CA 90210
   Telephone: 888-860-5678
4  Facsimile: 310-564-2769

5  Edward J. Naidich (Will seek admission *pro hac vice*)
   enaidich@meimark.com
6  K. Kevin Mun (Will seek admission *pro hac vice*)
   kmun@meimark.com
7  MEI & MARK LLP
   P.O. Box 65981
8  Washington, DC 20035-5981
   Telephone: 888-860-5678
9  Facsimile: 888-706-1173

10
   Attorneys for Plaintiff,
11 KIA CORPORATION

12            THE UNITED STATES DISTRICT COURT

13        FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                  (SOUTHERN DIVISION)

15
   KIA CORPORATION, a Korean          Case No. 8:21-CV-00966
16 corporation,
                                      **COMPLAINT FOR PATENT
17            Plaintiff,              INFRINGEMENT,
                                      COPYRIGHT
18 v.                                 INFRINGEMENT,
                                      FALSE ADVERTISING, AND
19 TYC BROTHER INDUSTRIAL CO.,        UNFAIR COMPETITION**
   LTD., a Taiwanese corporation, and
20 GENERA CORP., a California         **JURY TRIAL DEMAND**
   corporation,
21
              Defendants.
22

23

24

25

26

27

28
                              1
   COMPLAINT FOR PATENT INFRINGEMENT
   Case No. 8:21-CV-00966

Plaintiff KIA CORPORATION ("KIA" or "Plaintiff") asserts the following claims against Defendants TYC BROTHER INDUSTRIAL CO., LTD. ("TYC") and GENERA CORP. ("GENERA") (collectively, "Defendants"):

**<u>NATURE OF ACTION</u>**

1.　　This is a civil action seeking declaratory relief, damages, and injunctive relief that arises: (i) under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*; (ii) under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*; and (iii) under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

2.　　KIA is an innovative, world-renowned company that manufactures, sells and distributes KIA branded automobiles and parts throughout the United States and around the world.

3.　　KIA's automobile designers spend years designing the individual look of their vehicles, including the distinctive headlamps and taillamps for those vehicles. The headlamps and taillamps on KIA vehicles are carefully and skillfully designed to appeal to customers and to advance the core philosophy embodied in each vehicle. Given the importance of the ornamental design and sculptural appearance to the sale of automobiles, KIA invests heavily in the ornamental design and sculptural appearance of its products, and protects those ornamental designs through design patents and sculptural appearance through copyrights. It does so with respect to the designs and sculptural appearance for its distinctive headlamps and taillamps for its vehicles.

4.　　KIA's achievements in automobile design and sculptural appearance have resulted in worldwide success and broad intellectual property protection for its innovations, including the patented designs and copyrighted structural works at issue here. Because of its success, unscrupulous replacement parts vendors attempt to capitalize on that success by imitating KIA's non-functional elegant and distinctive product design and sculptural appearance to manufacture replacement

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

parts, including automobile headlamps and taillamps, which often require replacement following a collision. One such imitator is TYC, who, together with its subsidiary GENERA, have slavishly copied KIA's elegant and distinctive headlamp and taillamp designs and sculptural appearance, in violation of KIA's valuable intellectual property rights.

5.     Further, Defendants proudly proclaim on their website (https://www.tycusa.com/Headlight.html):  "DIFFERENCES? THERE ARE NONE.  FROM FIT, FORM, AND FUNCTION, ALL THE WAY THROUGH PROCESS AND COMMITMENT, TYC AND OE [ORIGINAL EQUIPMENT] ARE ALIKE IN SO MANY WAYS," and "INDEPENDENT, THIRD PARTY CERTIFIED (NSF AND CAPA) LAMPS GUARANTEE OE LIKENESS IN FIT, FORM AND FUNCTION."

6.     As alleged below in detail, Defendants have designed the ornamental features and sculptural appearance of their replacement headlamps and taillamps to look exactly like KIA's patent and copyright protected headlamps and taillamps through widespread patent and copyright infringement.

7.     Although the ornamental design and sculptural appearance of Defendants' products are copies of KIA's lamp designs and sculptural works, Defendants' advertising statements indicating that Defendants' lamps have no differences in function from KIA's lamps are untrue and misleading.  KIA's lamps are designed, manufactured, and tested with and under a stringent set of quality control standards and measures, including compliance with Federal Motor Vehicle Safety Standard 108 (FMVSS 108) as codified in 49 C.F.R. § 571.108 and internal KIA quality control specifications for heat and vibration, to assure that they perform at the highest quality commensurate with the goodwill of the KIA brand. However, despite Defendants' copying of the ornamental design and sculptural appearance of KIA's lamps, Defendants' lamps have significantly lower quality,

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

function, and performance as compared to KIA's lamps. In fact, testing by KIA has shown that Defendants' lamps are significantly inferior in quality, function, and performance as compared to KIA's lamps. For example, KIA had testing performed on two samples of Defendants' products, namely their replacement parts for the Forte and Sorento for compliance with KIA's own internal quality control specifications for Heat and Vibration. All of the tested products failed KIA's quality control specifications due to the presence of air leakage.

8. KIA sells replacements lamps for its vehicles to customers via its wholly-owned subsidiary, Kia America, Inc., which sells KIA replacement lamps to customers through KIA dealers and other authorized sellers.

9. Defendants, to induce the public to purchase their products, have disseminated these untrue and misleading advertising statements as to the lack of difference in function between Defendants' lamps and KIA's lamps—attributes that are important to a consumer's purchasing decision.

10. Defendants' false advertising has the tendency to deceive a substantial segment of the public and consumers in California and across the United States into believing that they are purchasing a product with different characteristics. The deception is material because it is likely to influence a consumer's purchasing decision.

11. KIA has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from KIA to Defendants.

12. Defendants knew or should have known by the exercise of reasonable care that their advertising was untrue and misleading.

13. By this action, KIA seeks to put a stop to Defendants' illegal conduct and obtain compensation for the violations that have occurred thus far.

## **THE PARTIES**

14. KIA is a Korean company, located in Seoul, Republic of Korea. KIA

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

manufactures and sells automobiles and automobile parts under the KIA brand. KIA is the owner of certain design patents that cover original headlamp and taillamp designs deployed across the KIA line of automobiles and is the owner of the patents asserted here.

15.     KIA is informed and believes and thereon alleges that Defendant TYC is a Taiwanese corporation principally engaged in the design, manufacture, and sale of replacement car headlamps and other automobile parts, with a principal place of business located in Tainan, Taiwan.

16.     KIA is informed and believes and thereon alleges that Defendant GENERA is a corporation duly organized and existing under the laws of the state of California, with its principal place of business located within this judicial district in Brea, California. KIA is further informed and believes and thereon alleges that GENERA operates as a subsidiary of Defendant TYC and acts as the United States agent, distributor, and general manager for TYC's infringing headlamps and taillamps.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress related to patents or copyrights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

18.     This Court has personal jurisdiction over Defendants TYC and GENERA because each has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 17 U.S.C. § 501 and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in

this District. The acts by TYC and GENERA cause injury to KIA within this District. Upon information and belief, TYC and GENERA derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce. This Court also has personal jurisdiction over Defendants because they disseminated false advertisements through their website in California and in this District.

19.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendants transact business within this District and offer for sale in this District products that infringe the KIA patents and copyrights. In addition, venue is proper because GENERA's principal place of business is in this District and TYC operates a place of business in this District through GENERA.

## KIA'S DESIGN PATENTS

20.     KIA has protected its innovative designs through a broad range of intellectual property rights. The KIA design patents cover many ornamental features of KIA'S headlamp and taillamp designs and KIA owns all right, title, and interest in and to each of the asserted design patents listed below, copies of which are attached as Exhibits 1-20.

| Patent Number | Title |
|---|---|
| Exhibit 1 - D650931 (the "D'931 patent") | Head lamp for automobiles |
| Exhibit 2 - D656635 (the "D'635 patent") | Head Lamp for Automobiles |
| Exhibit 3 - D656636 (the "D'636 patent") | Rear combination lamp for automobiles |
| Exhibit 4 - D695933 (the "D'933 patent") | Rear combination lamp for an automobile |
| Exhibit 5 - D696442 (the "D'442 | Rear combination lamp for an |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

| | |
|---|---|
| patent") | automobile |
| Exhibit 6 - D709219 (the "D'219 patent") | Headlamp for an automobile |
| Exhibit 7 - D714975 (the "D'975 patent") | Head Lamp for Automobiles |
| Exhibit 8 - D714976 (the "D'976 patent") | Rear Combination Lamp for Automobiles |
| Exhibit 9 - D720870 (the "D'870 patent") | Headlamp for an automobile |
| Exhibit 10 - D720871 (the "D'871 patent") | Rear combination lamp for an automobile |
| Exhibit 11 - D720873 (the "D'873 patent") | Rear combination lamp for an automobile |
| Exhibit 12 - D636506 (the "D'506 patent") | Head lamp for automobiles |
| Exhibit 13 - D749762 (the "D'762 patent") | Rear Combination Lamp for an Automobile |
| Exhibit 14 - D749764 (the "D'764 patent") | Rear combination lamp for an automobile |
| Exhibit 15 - D774222 (the "D'222 patent") | Head Lamp for Automobiles |
| Exhibit 16 - D774223 (the "D'223 patent") | Rear Combination Lamp for Automobiles |
| Exhibit 17 - D776311 (the "D'311 patent") | Head lamp for automobile |
| Exhibit 18 - D781471 (the "D'471 patent") | Rear combination lamp for automobile |
| Exhibit 19 - D785833 (the "D'833 patent") | Head Lamp for an Automobile |
| Exhibit 20 - D785836 (the "D'836 patent") | Rear combination lamp for an automobile |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

1

## DEFENDANTS' INFRINGING PRODUCTS

2    21.    Defendants have imported, sold, and/or offered to sell in the United

3  States infringing headlamps and taillamps for at least the following KIA vehicles:

4  Forte, Optima, Rio, Sorento, Soul, and Sportage.

5    22.    Rather than innovate and develop its own headlamp and taillamp

6  ornamental designs and sculptural appearance, Defendants chose to copy KIA's

7  designs and sculptural appearance. The copying is so pervasive that Defendants'

8  products appear to be KIA replacement parts.

9    23.    Defendants had many options to design their headlamps and taillamps

10 in a non-infringing manner. Other replacement lamp manufacturers have been able

11 to develop replacement lamps without slavishly copying the precise—protected—

12 ornamental designs and sculptural appearance employed by KIA.

13    24.    On July 22, 2020, KIA wrote to Defendants putting them on notice of

14 KIA's design patent rights. Despite KIA's notice, Defendants have continued to

15 sell and offer to sell infringing products.

16    25.    As side-by-side comparisons below reveal, Defendants have

17 misappropriated KIA's designs in the accused products, including the patented

18 designs and products described in the examples below:

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

**The D'833 Patent:**

**Defendants' Design:**



**(TYC Part No. 20-9905-00)**

**The D'222 Patent:**

**Defendants' Design:**



**(TYC Part No. 20-9905-00)**

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

## FIRST CLAIM FOR RELIEF

### (Infringement of the D'931 patent)

26.     KIA incorporates and realleges paragraphs 1 through 25 of this Complaint.

27.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'931 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Soul at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA006.pdf;
- https://tyc.mycarparts.net/items/20-12733-00;
- https://tyc.mycarparts.net/items/20-12733-00-1;
- https://tyc.mycarparts.net/items/20-12733-00-9;
- https://tyc.mycarparts.net/items/20-12734-00;
- https://tyc.mycarparts.net/items/20-12734-00-1; and
- https://tyc.mycarparts.net/items/20-12734-00-9.

28.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

29.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

30.     Upon information and belief, Defendants' infringement of the D'931

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

31.   WHEREFORE, KIA prays for judgment as set forth more fully below.

## SECOND CLAIM FOR RELIEF

### (Infringement of the D'635 patent)

32.   KIA incorporates and realleges paragraphs 1 through 31 of this Complaint.

33.   Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'635 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Rio at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA005.pdf;
- https://tyc.autocaredata.com/items/20-9230-00;
- https://tyc.autocaredata.com/items/20-9230-00-1;
- https://tyc.autocaredata.com/items/20-9230-00-9;
- https://tyc.autocaredata.com/items/20-9229-00;
- https://tyc.autocaredata.com/items/20-9229-00-1; and
- https://tyc.autocaredata.com/items/20-9229-00-9.

34.   As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

35.   KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*,

KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

36.     Upon information and belief, Defendants' infringement of the D'635 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

37.     WHEREFORE, KIA prays for judgment as set forth more fully below.

### THIRD CLAIM FOR RELIEF

**(Infringement of the D'636 patent)**

38.     KIA incorporates and realleges paragraphs 1 through 37 of this Complaint.

39.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'636 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Rio at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA005.pdf;
- https://tyc.mycarparts.net/items/11-6414-00;
- https://tyc.mycarparts.net/items/11-6414-00-1;
- https://tyc.mycarparts.net/items/11-6413-00; and
- https://tyc.mycarparts.net/items/11-6413-00-1.

40.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

41.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future

1    unless those infringing activities are enjoined by this Court because, *inter alia*,

2    KIA and Defendants directly compete for sales of the replacement headlamps and

3    taillamps.

4        42.    Upon information and belief, Defendants' infringement of the D'636

5    patent has been and continues to be willful and deliberate and KIA is entitled to

6    treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

7        43.    WHEREFORE, KIA prays for judgment as set forth more fully below.

8    <u>**FOURTH CLAIM FOR RELIEF**</u>

9    **(Infringement of the D'933 patent)**

10       44.    KIA incorporates and realleges paragraphs 1 through 43 of this

11   Complaint.

12       45.    Upon information and belief, Defendants have made, had made, used,

13   offered for sale, imported, and/or sold, and continue to make, use, offer for sale,

14   import, and/or sell products which infringe the innovative taillamp design of the

15   D'933 patent. The infringing products include, but are not limited to, at least the

16   replacement taillamps advertised by Defendants for the Kia Forte at:

17       •   http://www.tyc.com.tw/index.php/ecatalog;

18       •   http://www.tyc.com.tw/assets/catalog/KA002.pdf;

19       •   https://tyc.mycarparts.net/items/11-6603-00;

20       •   https://tyc.mycarparts.net/items/11-6603-00-1;

21       •   https://tyc.mycarparts.net/items/11-6603-00-9;

22       •   https://tyc.mycarparts.net/items/11-6604-00;

23       •   https://tyc.mycarparts.net/items/11-6604-00-1; and

24       •   https://tyc.mycarparts.net/items/11-6604-00-9.

25       46.    As a direct and proximate result of Defendants' acts of infringement,

26   KIA has been damaged in an amount not yet determined, including but not limited

27   to lost profits, price erosion, lost convoyed sales, and, in no event, less than a

28

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

47.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

48.     Upon information and belief, Defendants' infringement of the D'933 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

49.     WHEREFORE, KIA prays for judgment as set forth more fully below.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of the D'442 patent)**

50.     KIA incorporates and realleges paragraphs 1 through 49 of this Complaint.

51.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'442 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Forte at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA002.pdf;
- https://tyc.autocaredata.com/items/17-5449-00;
- https://tyc.autocaredata.com/items/17-5449-00-1;
- https://tyc.autocaredata.com/items/17-5449-00-9;
- https://tyc.autocaredata.com/items/17-5450-00;
- https://tyc.autocaredata.com/items/17-5450-00-1; and
- https://tyc.autocaredata.com/items/17-5450-00-9.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

52.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

53.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

54.     Upon information and belief, Defendants' infringement of the D'442 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

55.     WHEREFORE, KIA prays for judgment as set forth more fully below.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the D'219 patent)

56.     KIA incorporates and realleges paragraphs 1 through 55 of this Complaint.

57.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'219 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Forte at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA002.pdf;
- https://tyc.autocaredata.com/items/20-9459-00;
- https://tyc.autocaredata.com/items/20-9459-00-1;
- https://tyc.autocaredata.com/items/20-9459-00-9;

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

- https://tyc.autocaredata.com/items/20-9460-00;

- https://tyc.autocaredata.com/items/20-9460-00-1; and

- https://tyc.autocaredata.com/items/20-9460-00-9.

58.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

59.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

60.     Upon information and belief, Defendants' infringement of the D'219 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

61.     WHEREFORE, KIA prays for judgment as set forth more fully below.

### SEVENTH CLAIM FOR RELIEF

#### (Infringement of the D'975 patent)

62.     KIA incorporates and realleges paragraphs 1 through 61 of this Complaint.

63.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'975 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Soul at:

- http://www.tyc.com.tw/index.php/ecatalog;

- http://www.tyc.com.tw/assets/catalog/KA007.pdf;

- https://tyc.autocaredata.com/items/20-9515-00;
- https://tyc.autocaredata.com/items/20-9515-00-1;
- https://tyc.autocaredata.com/items/20-9515-00-9;
- https://tyc.autocaredata.com/items/20-9516-00;
- https://tyc.autocaredata.com/items/20-9516-00-1; and
- https://tyc.autocaredata.com/items/20-9516-00-9.

64.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

65.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

66.     Upon information and belief, Defendants' infringement of the D'975 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

67.     WHEREFORE, KIA prays for judgment as set forth more fully below.

## EIGHTH CLAIM FOR RELIEF

### (Infringement of the D'976 patent)

68.     KIA incorporates and realleges paragraphs 1 through 67 of this Complaint.

69.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'976 patent. The infringing products include, but are not limited to, at least the

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

replacement taillamps advertised by Defendants for the Kia Soul at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA007.pdf;
- https://tyc.autocaredata.com/items/11-6651-00;
- https://tyc.autocaredata.com/items/11-6651-00-1;
- https://tyc.autocaredata.com/items/11-6651-00-9;
- https://tyc.autocaredata.com/items/11-6652-00;
- https://tyc.autocaredata.com/items/11-6652-00-1; and
- https://tyc.autocaredata.com/items/11-6652-00-9.

70.    As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

71.    KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

72.    Upon information and belief, Defendants' infringement of the D'976 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

73.    WHEREFORE, KIA prays for judgment as set forth more fully below.

## NINTH CLAIM FOR RELIEF

### (Infringement of the D'870 patent)

74.    KIA incorporates and realleges paragraphs 1 through 73 of this Complaint.

75.    Upon information and belief, Defendants have made, had made, used,

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'870 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Optima at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA003.pdf;
- https://tyc.mycarparts.net/items/20-9603-00;
- https://tyc.mycarparts.net/items/20-9603-00-1;
- https://tyc.mycarparts.net/items/20-9603-00-9;
- https://tyc.mycarparts.net/items/20-9603-90-1;
- https://tyc.mycarparts.net/items/20-9604-00;
- https://tyc.mycarparts.net/items/20-9604-00-1;
- https://tyc.mycarparts.net/items/20-9604-00-9; and
- https://tyc.mycarparts.net/items/20-9604-90-1.

76.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

77.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

78.     Upon information and belief, Defendants' infringement of the D'870 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

79.     WHEREFORE, KIA prays for judgment as set forth more fully below.

## **TENTH CLAIM FOR RELIEF**

### **(Infringement of the D'871 patent)**

80.    KIA incorporates and realleges paragraphs 1 through 79 of this Complaint.

81.    Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'871 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Optima at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA003.pdf;
- https://tyc.mycarparts.net/items/11-6725-00;
- https://tyc.mycarparts.net/items/11-6725-00-1;
- https://tyc.mycarparts.net/items/11-6725-00-9;
- https://tyc.mycarparts.net/items/11-6726-00;
- https://tyc.mycarparts.net/items/11-6726-00-1; and
- https://tyc.mycarparts.net/items/11-6726-00-9.

82.    As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

83.    KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

84.    Upon information and belief, Defendants' infringement of the D'871

1    patent has been and continues to be willful and deliberate and KIA is entitled to

2    treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

3        85.    WHEREFORE, KIA prays for judgment as set forth more fully below.

4                        **ELEVENTH CLAIM FOR RELIEF**

5                        **(Infringement of the D'873 patent)**

6        86.    KIA incorporates and realleges paragraphs 1 through 85 of this

7    Complaint.

8        87.    Upon information and belief, Defendants have made, had made, used,

9    offered for sale, imported, and/or sold, and continue to make, use, offer for sale,

10   import, and/or sell products which infringe the innovative taillamp design of the

11   D'873 patent. The infringing products include, but are not limited to, at least the

12   replacement taillamps advertised by Defendants for the Kia Optima at:

13       • http://www.tyc.com.tw/index.php/ecatalog;

14       • http://www.tyc.com.tw/assets/catalog/KA003.pdf;

15       • https://tyc.mycarparts.net/items/17-5531-00-1;

16       • https://tyc.mycarparts.net/items/17-5531-00-9;

17       • https://tyc.mycarparts.net/items/17-5532-00-1; and

18       • https://tyc.mycarparts.net/items/17-5532-00-9.

19       88.    As a direct and proximate result of Defendants' acts of infringement,

20   KIA has been damaged in an amount not yet determined, including but not limited

21   to lost profits, price erosion, lost convoyed sales, and, in no event, less than a

22   reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

23       89.    KIA has been irreparably harmed by Defendants' infringing activities,

24   and KIA will continue to be irreparably harmed by such activities in the future

25   unless those infringing activities are enjoined by this Court because, *inter alia*,

26   KIA and Defendants directly compete for sales of the replacement headlamps and

27   taillamps.

28

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

90.     Upon information and belief, Defendants' infringement of the D'873 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

91.     WHEREFORE, KIA prays for judgment as set forth more fully below.

## TWELFTH CLAIM FOR RELIEF

### (Infringement of the D'506 patent)

92.     KIA incorporates and realleges paragraphs 1 through 91 of this Complaint.

93.     Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'506 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Sportage at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA007.pdf;
- http://www.tyc.com.tw/assets/catalog/KA008.pdf;
- https://tyc.autocaredata.com/items/20-12559-00;
- https://tyc.autocaredata.com/items/20-12559-00-1;
- https://tyc.autocaredata.com/items/20-12560-00; and
- https://tyc.autocaredata.com/items/20-12560-00-1.

94.     As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

95.     KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*,

KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

96. Upon information and belief, Defendants' infringement of the D'506 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

97. WHEREFORE, KIA prays for judgment as set forth more fully below.

## THIRTEENTH CLAIM FOR RELIEF

### (Infringement of the D'762 patent)

98. KIA incorporates and realleges paragraphs 1 through 97 of this Complaint.

99. Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'762 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Sorento at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA010.pdf;
- https://tyc.autocaredata.com/items/17-5563-00;
- https://tyc.autocaredata.com/items/17-5563-00-1;
- https://tyc.autocaredata.com/items/17-5563-00-9;
- https://tyc.autocaredata.com/items/17-5564-00;
- https://tyc.autocaredata.com/items/17-5564-00-1; and
- https://tyc.autocaredata.com/items/17-5564-00-9.

100. As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

101.   KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

102.   Upon information and belief, Defendants' infringement of the D'762 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

103.   WHEREFORE, KIA prays for judgment as set forth more fully below.

## FOURTEENTH CLAIM FOR RELIEF

### (Infringement of the D'764 patent)

104.   KIA incorporates and realleges paragraphs 1 through 103 of this Complaint.

105.   Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'764 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Sorento at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA010.pdf;
- https://tyc.mycarparts.net/items/11-6779-00;
- https://tyc.mycarparts.net/items/11-6779-00-1;
- https://tyc.mycarparts.net/items/11-6779-00-9;
- https://tyc.mycarparts.net/items/11-6780-00;
- https://tyc.mycarparts.net/items/11-6780-00-1; and
- https://tyc.mycarparts.net/items/11-6780-00-9;

106.   As a direct and proximate result of Defendants' acts of infringement,

KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

107.   KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

108.   Upon information and belief, Defendants' infringement of the D'764 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

109.   WHEREFORE, KIA prays for judgment as set forth more fully below.

### FIFTEENTH CLAIM FOR RELIEF

#### (Infringement of the D'222 patent)

110.   KIA incorporates and realleges paragraphs 1 through 109 of this Complaint.

111.   Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'222 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Optima at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA004.pdf;
- https://tyc.autocaredata.com/items/20-9891-00;
- https://tyc.autocaredata.com/items/20-9891-00-1;
- https://tyc.autocaredata.com/items/20-9891-00-9;
- https://tyc.autocaredata.com/items/20-9892-00;

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

- https://tyc.autocaredata.com/items/20-9892-00-1; and

- https://tyc.autocaredata.com/items/20-9892-00-9.

112.   As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

113.   KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

114.   Upon information and belief, Defendants' infringement of the D'222 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

115.   WHEREFORE, KIA prays for judgment as set forth more fully below.

## <u>SIXTEENTH CLAIM FOR RELIEF</u>

### **(Infringement of the D'223 patent)**

116.   KIA incorporates and realleges paragraphs 1 through 115 of this Complaint.

117.   Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'223 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Optima at:

- http://www.tyc.com.tw/index.php/ecatalog;

- http://www.tyc.com.tw/assets/catalog/KA004.pdf;

- https://tyc.autocaredata.com/items/11-6955-00;

- https://tyc.autocaredata.com/items/11-6955-00-1;
- https://tyc.autocaredata.com/items/11-6955-00-9;
- https://tyc.autocaredata.com/items/11-6956-00;
- https://tyc.autocaredata.com/items/11-6956-00-1; and
- https://tyc.autocaredata.com/items/11-6956-00-9.

118.    As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

119.    KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

120.    Upon information and belief, Defendants' infringement of the D'223 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

121.    WHEREFORE, KIA prays for judgment as set forth more fully below.

## SEVENTEENTH CLAIM FOR RELIEF

### (Infringement of the D'311 patent)

122.    KIA incorporates and realleges paragraphs 1 through 121 of this Complaint.

123.    Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'311 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Sportage at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA008.pdf;
- https://tyc.mycarparts.net/items/20-9821-00;
- https://tyc.mycarparts.net/items/20-9821-00-1;
- https://tyc.mycarparts.net/items/20-9821-00-9;
- https://tyc.mycarparts.net/items/20-9821-90;
- https://tyc.mycarparts.net/items/20-9821-90-1;
- https://tyc.mycarparts.net/items/20-9821-90-9;
- https://tyc.mycarparts.net/items/20-9822-00;
- https://tyc.mycarparts.net/items/20-9822-00-1;
- https://tyc.mycarparts.net/items/20-9822-00-9;
- https://tyc.mycarparts.net/items/20-9822-90;
- https://tyc.mycarparts.net/items/20-9822-90-1; and
- https://tyc.mycarparts.net/items/20-9822-90-9.

124.   As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

125.   KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

126.   Upon information and belief, Defendants' infringement of the D'311 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

127.   WHEREFORE, KIA prays for judgment as set forth more fully below.

## EIGHTEENTH CLAIM FOR RELIEF

### (Infringement of the D'471 patent)

128. KIA incorporates and realleges paragraphs 1 through 127 of this Complaint.

129. Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'471 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Sportage at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA008.pdf;
- https://tyc.autocaredata.com/items/11-6911-00;
- https://tyc.autocaredata.com/items/11-6911-00-1;
- https://tyc.autocaredata.com/items/11-6911-00-9;
- https://tyc.autocaredata.com/items/11-6912-00;
- https://tyc.autocaredata.com/items/11-6912-00-1; and
- https://tyc.autocaredata.com/items/11-6912-00-9.

130. As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

131. KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

132. Upon information and belief, Defendants' infringement of the D'471

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

133. WHEREFORE, KIA prays for judgment as set forth more fully below.

## NINETEENTH CLAIM FOR RELIEF

### (Infringement of the D'833 patent)

134. KIA incorporates and realleges paragraphs 1 through 133 of this Complaint.

135. Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative headlamp design of the D'833 patent. The infringing products include, but are not limited to, at least the replacement headlamps advertised by Defendants for the Kia Forte at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA003.pdf;
- https://tyc.autocaredata.com/items/20-9905-00;
- https://tyc.autocaredata.com/items/20-9905-00-1;
- https://tyc.autocaredata.com/items/20-9905-00-9;
- https://tyc.autocaredata.com/items/20-9906-00;
- https://tyc.autocaredata.com/items/20-9906-00-1;
- https://tyc.autocaredata.com/items/20-9906-00-9;
- https://tyc.mycarparts.net/items/20-9933-00;
- https://tyc.mycarparts.net/items/20-9933-00-1;
- https://tyc.mycarparts.net/items/20-9933-00-9;
- https://tyc.mycarparts.net/items/20-9934-00;
- https://tyc.mycarparts.net/items/20-9934-00-1; and
- https://tyc.mycarparts.net/items/20-9934-00-9.

136. As a direct and proximate result of Defendants' acts of infringement,

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

137. KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

138. Upon information and belief, Defendants' infringement of the D'833 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

139. WHEREFORE, KIA prays for judgment as set forth more fully below.

## TWENTIETH CLAIM FOR RELIEF

### (Infringement of the D'836 patent)

140. KIA incorporates and realleges paragraphs 1 through 139 of this Complaint.

141. Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe the innovative taillamp design of the D'836 patent. The infringing products include, but are not limited to, at least the replacement taillamps advertised by Defendants for the Kia Forte at:

- http://www.tyc.com.tw/index.php/ecatalog;
- http://www.tyc.com.tw/assets/catalog/KA003.pdf;
- https://tyc.mycarparts.net/items/17-5719-00;
- https://tyc.mycarparts.net/items/17-5719-00-1;
- https://tyc.mycarparts.net/items/17-5719-00-9;
- https://tyc.mycarparts.net/items/17-5720-00;

31

- https://tyc.mycarparts.net/items/17-5720-00-1; and
- https://tyc.mycarparts.net/items/17-5720-00-9.

142.    As a direct and proximate result of Defendants' acts of infringement, KIA has been damaged in an amount not yet determined, including but not limited to lost profits, price erosion, lost convoyed sales, and, in no event, less than a reasonable royalty and/or the additional remedies defined by 35 U.S.C. § 289.

143.    KIA has been irreparably harmed by Defendants' infringing activities, and KIA will continue to be irreparably harmed by such activities in the future unless those infringing activities are enjoined by this Court because, *inter alia*, KIA and Defendants directly compete for sales of the replacement headlamps and taillamps.

144.    Upon information and belief, Defendants' infringement of the D'836 patent has been and continues to be willful and deliberate and KIA is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-85.

145.    WHEREFORE, KIA prays for judgment as set forth more fully below.

## TWENTY-FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

146.    KIA incorporates and realleges paragraphs 1 through 145 of this Complaint.

147.    This claim arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*

148.    Designers at KIA created the artistic sculptural features of the lamps listed in the table below. Those features include curved and colored covers and structural elements having sculptural qualities that are capable of existing independently of the utilitarian aspects of the lamps. KIA is the owner of the copyrights for these sculptural works under 17 U.S.C. §§ 101 and 102(a).

| KIA Model | Model Year | Component Embodying Structural Work | Korean Copyright Registration | Defendants' Infringing Products |
|---|---|---|---|---|
| Soul | 2012-13 | Headlamp | C-2021-015587 (Ex. 21) | 20-12733-00* 20-12734-00* |
| Rio | 2012-17 | Headlamp | C-2021-015586 (Ex. 22) | 20-9229-00* 20-9230-00* |
| Rio | 2012-17 | Taillamp | C-2021-015578 (Ex. 23) | 11-6413-00* 11-6414-00* |
| Forte | 2014-16 | Taillamp | C-2021-015585 (Ex. 24) | 11-6603-00* 11-6604-00* |
| Forte | 2014-16 | Taillamp | C-2021-015583 (Ex. 25) | 17-5449-00* 17-5450-00* |
| Forte | 2014-16 | Headlamp | C-2021-015592 (Ex. 26) | 20-9459-00* 20-9460-00* |
| Soul | 2014-19 | Headlamp | C-2021-015589 (Ex. 27) | 20-9515-00* 20-9516-00* |
| Soul | 2014-19 | Taillamp | C-2021-015581 (Ex. 28) | 11-6651-00* 11-6652-00* |
| Optima | 2014-15 | Headlamp | C-2021-015588 (Ex. 29) | 20-9603-00* 20-9603-90* 20-9604-00* 20-9604-90* |
| Optima | 2014-15 | Taillamp | C-2021-015577 (Ex. 30) | 11-6725-00* 11-6726-00* |
| Optima | 2014-15 | Taillamp | C-2021-015575 (Ex. 31) | 17-5531-00* 17-5532-00* |
| Sorento | 2016-18 | Taillamp | C-2021-015579 (Ex. 32) | 17-5563-00* 17-5564-00* |
| Sorento | 2016-18 | Taillamp | C-2021-015580 (Ex. 33) | 11-6779-00* 11-6780-00* |
| Optima | 2016-18 | Headlamp | C-2021-015594 (Ex. 34) | 20-9891-00* 20-9892-00* |
| Optima | 2016-20 | Taillamp | C-2021-015576 (Ex. 35) | 11-6955-00* 11-6956-00* |
| Sportage | 2017-21 | Headlamp | C-2021-015590 (Ex. 36) | 20-9821-00* 20-9821-90* 20-9822-00* |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

| KIA Model | Model Year | Component Embodying Structural Work | Korean Copyright Registration | Defendants' Infringing Products |
|---|---|---|---|---|
| | | | | 20-9822-90* |
| Sportage | 2017-21 | Taillamp | C-2021-015582 (Ex. 37) | 11-6911-00* 11-6912-00* |
| Forte | 2017-18 | Headlamp | C-2021-015593 (Ex. 38) | 20-9905-00* 20-9906-00* 20-9933-00* 20-9934-00* |
| Forte | 2017-18 | Taillamp | C-2021-015584 (Ex. 39) | 17-5719-00* 17-5720-00* |

149.   None of the sculptural works listed above are a "United States work" under 17 U.S.C. § 101 because each work was first published in South Korea. In particular, KIA first sold the models listed above in South Korea, and later sold those models in the United States.

150.   KIA submitted figures depicting the sculptural features of the lamps listed above to the Korea Copyright Commission in South Korea. KIA received the Copyright Registrations listed above, which are attached hereto as Exhibits 21 to 39.

151.   Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products which infringe KIA's sculptural work copyrights. The infringing products include, but are not limited to, at least the replacement lamps listed in the table above.

152.   Based on the substantial similarity in the sculptural appearance of the infringing products to the KIA lamps, it is apparent that Defendants copied the sculptural appearance of those lamps.

153.   The copying, importing, offering for sale, and selling of the infringing products by Defendants was and is without the permission, license, or consent of

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

KIA.

154.   Defendants' acts alleged herein constitute violations of the exclusive rights of KIA under 17 U.S.C. §§ 106, 113, and 602, and constitute infringement under 17 U.S.C. § 501.

155.   KIA has suffered and will continue to suffer damage to its business, including loss of its reputation for exclusivity for goods, loss of its reputation for unique and original lamps of high quality, and loss of sales.

156.   Defendants' continuing acts of copyright infringement are damaging to KIA in a manner for which KIA has no adequate remedy at law and KIA is suffering irreparable harm as a result of the acts of Defendants.

157.   KIA is entitled to injunctive relief, actual damages, and Defendants' profits that are attributable to the infringement and are not taken into account in computing the actual damages.

## TWENTY-SECOND CLAIM FOR RELIEF

### (False Advertising / Unfair Competition – Lanham Act)

158.   KIA realleges and incorporates by reference paragraphs 1 through 157 above.

159.   Defendants proudly proclaim on their website (https://www.tycusa.com/Headlight.html):  "DIFFERENCES? THERE ARE NONE.  FROM FIT, FORM, AND FUNCTION, ALL THE WAY THROUGH PROCESS AND COMMITMENT, TYC AND OE [ORIGINAL EQUIPMENT] ARE ALIKE IN SO MANY WAYS," and "INDEPENDENT, THIRD PARTY CERTIFIED (NSF AND CAPA) LAMPS GUARANTEE OE LIKENESS IN FIT, FORM AND FUNCTION."

160.   Although the ornamental design and sculptural appearance of Defendants' products are copies of KIA's lamp designs and sculptural works, Defendants' advertising statements indicating that Defendants' lamps have no

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

differences in function from KIA's lamps are untrue and misleading.  KIA's lamps are designed, manufactured, and tested with and under a stringent set of quality control standards and measures, including compliance with Federal Motor Vehicle Safety Standard 108 (FMVSS 108) as codified in 49 C.F.R. § 571.108 and internal KIA quality control specifications for heat and vibration, to assure that they perform at the highest quality commensurate with the goodwill of the KIA brand.  However, despite Defendants' copying of the ornamental design and sculptural appearance of KIA's lamps, Defendants' lamps have significantly lower quality, function, and performance as compared to KIA's lamps.  In fact, testing by KIA has shown that Defendants' lamps are significantly inferior in quality, function, and performance as compared to KIA's lamps. For example, KIA had testing performed on two samples of Defendants' products, namely their replacement parts for the Forte and Sorento for compliance with KIA's own internal quality control specifications for Heat and Vibration.  All of the tested products failed KIA's quality control specifications due to the presence of air leakage.

161.   Defendants have made and published, in interstate commerce and in this District, advertising that contains false or misleading statements of fact regarding its products to induce the public to purchase their products. This advertising contains actual misstatements and/or misleading statements, including falsely representing a lack of difference in function between Defendants' lamps and KIA's lamps—attributes important to a consumer's purchasing decision. For example, Defendants have introduced their false and misleading statements into California at least via advertising on their website (https://www.tycusa.com/Headlight.html):  "DIFFERENCES? THERE ARE NONE. FROM FIT, FORM, AND FUNCTION, ALL THE WAY THROUGH PROCESS AND COMMITMENT, TYC AND OE [Original Equipment] ARE ALIKE IN SO MANY WAYS" and "INDEPENDENT, THIRD PARTY

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

CERTIFIED (NSF AND CAPA) LAMPS GUARANTEE OE LIKENESS IN FIT, FORM AND FUNCTION."

162.   These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of KIA's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of KIA's customers.

163.   Defendants' false and misleading advertisements constitute unfair competition and injure both consumers and KIA.

164.   Defendants' false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

165.   Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to KIA for which there is no adequate remedy at law. As such, KIA is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

166.   Defendants knew or should have known by the exercise of reasonable care that their advertising and promotions were untrue and misleading.

167.   Pursuant to 15 U.S.C. § 1117, KIA is entitled to recover from Defendants the damages sustained by KIA as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

168.   Pursuant to 15 U.S.C. § 1117, KIA is also entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their unlawful acts. KIA is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of their unlawful acts.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

169.   Pursuant to 15 U.S.C. § 1117, KIA is further entitled to recover the costs of this action. Moreover, KIA is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling KIA to recover additional damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, KIA prays for relief, as follows:

1.   A judgment that Defendants TYC and GENERA have infringed each of KIA'S asserted patents and copyrights;

2.   An order and judgment permanently enjoining Defendants TYC and GENERA and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of KIA'S asserted patents and copyrights;

3.   A judgment awarding KIA all damages adequate to compensate for Defendant's TYC and GENERA's infringement of KIA's asserted patents, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.   A judgment awarding KIA all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.   Disgorgement of wrongfully obtained profits together with any other appropriate relief pursuant to 35 U.S.C. § 289;

6.   Costs of suit and reasonable attorneys' fees;

7.   A judgment awarding KIA such actual damages as KIA sustained in consequence of the infringement by Defendants TYC and GENERA of KIA's

copyrights and to account to KIA for any additional profits of the infringement.

8.   An injunction that permanently bars Defendants from (i) disseminating the advertisements referenced herein, and any other substantially identical advertisements; and (ii) claiming, whether directly or by implication, in any advertisement or promotional communication, that Defendants' lamps are similar in function or performance to KIA's lamps.

9.   An award of KIA's damages attributable to Defendants' false advertising, in an amount to be determined at trial;

10.   Disgorgement of Defendants' profits from the sale of the falsely advertised products, pursuant to 15 U.S.C. § 1117;

11.   A declaration that this is an "exceptional case" due to the willful nature of Defendants' false advertising, and awarding treble damages, attorneys' fees and costs to KIA pursuant to 15 U.S.C. § 1117; and

12.   Any other remedy to which KIA may be entitled.

Dated:  May 28, 2021                    MEI & MARK LLP


                                        By:   /s/ Manni Li
                                        Manni Li
                                        Attorneys for Plaintiff
                                        KIA CORPORATION

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, KIA hereby demands trial by jury on all issues raised by the Complaint.

Dated:  May 28, 2021                MEI & MARK LLP

                                                       By:  /s/ Manni Li
                                                              Manni Li
                                                              Attorneys for Plaintiff
                                                              KIA CORPORATION

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 8:21-CV-00966